## WILLIAMSON v. MILLER ET AL.

1. **Damages**: VALUE OF GROWING HEDGE. The cost of growing a hedge is not the measure of damages for its destruction.
2. **Landlord and Tenant**: COVENANT IN LEASE: ESTOPPEL. Where a lessor covenanted to put the fences on a farm in good repair for his tenant, and after repairing the same the farm was accepted by the tenant without objection, it was held that the latter was estopped by such acceptance from afterwards claiming damages for a breach of the covenant with respect to the fences.

### *Appeal from Ringgold Circuit Court.*

### THURSDAY, DECEMBER 9.

ACTION on promissory notes. The defendants pleaded a counter-claim and stated one of them had leased a farm of the plaintiff and the latter had bound himself to " put the fences on said farm in good repair;" that he had failed to do so, whereby the defendants had been damaged in the destruction of the crops by stock.

In a reply, the plaintiff stated the defendants had failed to comply with the conditions of the lease, and had plowed up plaintiff's hedge, whereby he had been damaged. Trial by jury; verdict and judgment for defendants, and plaintiff appeals.

*Askren & Spencer*, for apppellant.

*Laughlin & Campbell*, for appellee.

SEEVERS, J.—I. This action was commenced in the District Court and there tried. A motion for a new trial was filed in said court. At this time the court, on its own motion, transferred the cause to the Circuit Court because the judge of the District Court had been consulted by both parties before his election. To this the plaintiff excepted, but does not insist thereon in his argument. The error, if it be

one, must, therefore, be deemed to have been waived. The motion for a new trial was overruled by the Circuit Court, and judgment rendered on the verdict. The reply seems to have been treated by the parties and court, in so far as it set up a new cause of action, as an amendment to the petition. No objection was at any time made as to the manner in which such new cause of action was introduced into the case. Evidence was introduced in relation thereto, and no complaint is now made that it was improper to submit for the consideration of the jury the question whether the plaintiff had been damaged by reason of said new cause of action.

In relation to the destruction of the hedge referred to in the reply, the court instructed the jury that "the value for 1. DAMAGES: the destruction of a hedge would be the value of value of growing the labor in raising or planting and cultivating hedge. from seed to hedge." This instruction is erroneous. Any growing crop may be worth more or less than the cost of producing it.

II. The defendant asked the court to instruct the jury:

"15. If you find from the evidence that Williamson repaired the fence and Miller helped him to do so, and he ac-
2. LANDLORD cepted the same then as a fulfillment of the con-
and tenant: tract on Williamson's part, he cannot now com-
covenant in lease: estop-
pel. plain that Williamson did not comply with his contract.

"16. If you find from the evidence that Williamson put the fence in repair, or that he claimed so to do, and the defendant received the farm as such, then defendant would be compelled to keep the farm in repair during the lease."

The lease provides, the plaintiff "agrees to put the fences in sufficient repair, and defendant agrees to keep them in as good condition as he received them." If the plaintiff did repair the fences, as he was bound to do, then he is not responsible for any damage caused by their getting out of repair. If the fences were repaired to the satisfaction of the defendant and he accepted the farm and went into possession, giv-

ing the plaintiff to understand he had complied with the lease on his part, then the defendants cannot recover because of insufficient fences. If the defendants had objected instead of accepting, the plaintiff would have had the opportunity to so repair the same as to render them sufficient in every respect. Without doubt, we think, the defendants by accepting the farm in the condition it was as being, so far as the fences were concerned, in the condition plaintiff bound himself to put it, concluded themselves from now objecting. The instructions should have been given.

III. The plaintiff sought to prove the fence was sufficient to protect the crop, and that the same was not destroyed or injured by reason of the insufficiency of the fences. This evidence was excluded. In so doing the court erred.

In an amended abstract, the defendants claim the court afterward during the trial offered to correct the error, and allow such evidence to be introduced, but that the plaintiff refused to avail himself of the offer. If this is true, it may be the plaintiff cannot justly complain. But the plaintiff denies the correctness of the abstract and appeals to the transcript. As there must be a reversal on other grounds, it is unnecessary to look into the transcript.

REVERSED.